PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 MAR 27 PM 1:52

DEPUTY CLERK _BNG_

*ORIGINAL*

IN THE UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF TEXAS

_____ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

**Martin Lee Kennedy**
PETITIONER
(Full name of Petitioner)

**John Montford Unit**
CURRENT PLACE OF CONFINEMENT

vs.

**#01474898**
PRISONER ID NUMBER

**Bryant Collier**
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**5-17CV0063-C**
CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?**  (Check all that apply)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation.  (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding.  (Answer Questions 1-4, 13-14 & 20-25)
- ☑ A disciplinary proceeding.  (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: _____  (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: The 403rd Judical District Court Austin, Texas 78701

2. Date of judgment of conviction: Nov 27th, 2007

3. Length of sentence: 40 years Sentence

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: I am Challenging a disciplinary Conviction # 20170155398

-2-

Judgment of Conviction of Sentence; Probation or Deferred-Adjudication Probation:

5. What was your plea? (Check one) ☐ Not Guilty ☐ Guilty ☐ Nolo Contendere

6. Kind of trial: (Check one) ☐ Jury ☐ Judge Only   N/A

7. Did you testify at trial? ☐ Yes ☐ No

8. Did you appeal the judgment of conviction? ☐ Yes ☐ No   N/A

9. If you did appeal, in what appellate court did you file your direct appeal? N/A

   Cause Number (if known): N/A

   What was the result of your direct appeal (affirmed, modified or reversed)? N/A

   What was the date of that decision? N/A

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: N/A
   N/A

   Result: N/A

   Date of result: N/A   Cause Number (if known): _____

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: N/A

   Date of result: N/A

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed. ☐ Yes ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: N/A

    Nature of proceeding: N/A

    Cause number (if known): N/A

-3-

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: _____N/A_____

Grounds raised: _____N/A_____

_____

Date of final decision: _____N/A_____

What was the decision? _____N/A_____

Name of court that issued the final decision: _____N/A_____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____N/A_____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____N/A_____

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____N/A_____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? ☐ Yes  ☐ No  N/A

(a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____N/A_____

_____

(b) Give the date and length of the sentence to be served in the future: _____N/A_____

_____N/A_____

-4-

the sentence you must serve in the future?  ☐ Yes  ☐ No  N/A

**Parole Revocation:**

13. Date and location of your parole revocation: ___N/A___

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?  ☐ Yes  ☐ No  N/A

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes  ☒ No

16. Are you eligible for release on mandatory supervision?  ☒ Yes  ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: ___John Montford Unit 8602 Peach ST Lubbock TX 79404___
    Disciplinary case number: ___#20170155398___

    What was the nature of the disciplinary charge against you? ___Contraband Soverign Citizens Material___

18. Date you were found guilty of the disciplinary violation: ___Jan 20, 2017 / Jan 27, 2017___

    Did you lose previously earned good-time days?  ☒ Yes  ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: ___30 Days___

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: ___Demoted from S3 - To Line 1  30 days Recreation, 30 days Commissary.___

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☒ Yes  ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: ___Denied___

-5-

Step 2 Result: __Denied__

Date of Result: __2/24/17__

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** Petitioner denied due process rights of the 8th, 14th Amendment of the United States Constitution

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    On 1/26/17 Correctional Officer Carlos Martinez falsified a disciplinary case #20170155398, against petitioner accusing petitioner of possession of Contraband "Soverign Citizens material. when petitioner did not posses said Contraband. The "Soverign Citizens material" was received through the

B. ~~GROUND TWO~~: John Montford unit Mailroom on 1-24-17 The Soverign Material was withheld from petitioner and notified by

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    Mailroom employee MRS Logan petitioner had to send the Soverign Citizens material back to the Tools of freedom ISA Company. Petitioner was never in possession of this Soverign Citizens Material.

---

−6−

C. **GROUND TWO:** Petitioner denied due process rights of the 8th, 14th, Amendment of the United states Constitution.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The John Montford unit "D.H.O" disciplinary hearing Officer Capt. Castillio failed to follow fair disciplinary proceedures and dismiss petitioners disciplinary case when Carlos Martinez made a Contradicting statement at a recorded disciplinary hearing on 1-30-17, Stating he did not find petitioner in

D. **GROUND FOUR:** possession of Contraband on 1/26/17, Contradicting what he initicially written in disciplinary

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

report #20170155398, which stated on 1/26/17 at the S.T.G office, Petitioner did posses Contraband 26 pages of Soverign Citizens material. Said unfair disciplinary case and disciplinary proceedings resulted in petitioner being demoted from S3-to Line 1 and losing 30 days goodtime, Recreation, Commissery

21. Relief sought in this petition: Petitioner is requesting relief from this honorable federal Court to reverse disciplinary Conviction and restore trusty class and 30 days goodtime Credits.

-7-

**GROUND THREE:**

Insufficient Evidence to Support the finding of Guilty And Disciplinary Case.

**FACTS SUPPORTING GROUND THREE:**

ON 1/31/17, The evidence Used to find petitioner guilty was insuficient because said evidence "Soverign Citizens Material" was not found in the possession of petitioner.

THE Charging instument the disciplinary Case #report #20170155398, was invalid stating that petitioner did possess contraband, when petitioner was not in possession of this Contraband.

Ground four: Correctional Officer Carlos did not attempt an informal resolution.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No  N/A

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?  ☐ Yes  ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____N/A_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____N/A_____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing:  N/A

   (b) At arraignment and plea:  N/A

   (c) At trial:  Substitute Counsel, Mrs Pianna Ceja

   (d) At sentencing:  8602 Peach ST John Montford Unit

   (e) ~~On appeal~~:  Lubbock Texas 79404

   (f) In any post-conviction proceeding:  N/A

-8-

(g) On appeal from any ruling against you in a post-conviction proceeding: __N/A__

__N/A__

## Timeliness of Petition:

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

__N/A__

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__3/23/17_____ (month, day, year).

Executed (signed) on ____3/23/17_____ (date).

_____Mr. Martin h. Kennedy_____
Signature of Petitioner (required)

Petitioner's current address: __John Montford Unit__
__8602 Peach ST Lubbock Texas 79404__

# Memorandum Supporting 2254 Writ of Habeas Corpus

## Statement of facts

On 1/24/17, Petitioner was sent Sovereign Citizens Material from the tools of freedom ISA Company, which petitioner did not request or order. The Montford Unit Mailroom employee Mrs Logan later informed petitioner he could not receive this material because said material was prohibited and petitioner had to send it back to the ISA Company.

On 1/26/17, STG C.O. Carlos Martinez came to investigate at petitioner Housing area D-3 Pod dayroom and a informal resolution was agreed up not to write disciplinary if petitioner wrote a statement that he did not know Soverign Citizens Material was contraband. Petitioner wrote the Statement for C.O. Martinez. Later that date of 1/26/17, Petitioner to his suprise received a disciplinary Case # 20170155398, from C.O. Carlos Martinez stating that petitioner was in possession of Contraband 16.0 at the STG office when petitioner did not posses this Soverign Citizens Material. This Soverign Citizen's Material was confiscated and received through the incoming United States mail by Mailroom employee Mrs Logan. Petitioner never received this material. This material through "Evil intent" was illegally take from the Montford unit Mailroom by C.O. Martinez and photo copied and written petitioner a bogus disciplinary Case.

Petitioner disciplinary hearing began on 1/27/17, and postponed unitil 1/31/17. On the date of the disciplinary hearing C.O. Martinez made it known to the DHO

1.

that he did not find petitioner in possession of contraband and that C.O. Martinez illegally took this material from the Montford unit Mailroom. The initial disciplinary case # 20170155398 C.O. Martinez had written stated petitioner did posses contraband 26 pages of Soverign Citizens material. When C.O. Martinez was asked at the disciplinary hearing on Live tape recording "if you found petitioner in possession of contraband. Mr. Martinez said "he got the Soverign material from the Mailroom." Disciplinary hearing Officer Mr. Castillo refused to dismiss said disciplinary against petitioner based on this contradiction by C.O. Martinez and that he did not attempted an informal resolution before writting this disciplinary case which is a mandatory T.D.C.J-I rule policy.

Petitioner was not given a fair and impartial displinary hearing.

Evidence used to find petitioner guilty was insufficient to substain a finding of guilt because the evidence was not found in petitioner possession.

## Argument And Athorities

Petitioner claims the prison disciplinary hearing officer failed to follow fair procedures and made unfair disciplinary discision in finding petitioner guilty for possession of contraband. Petitioners 8th, 14th Amendments constitutional rights were violated whereas to petitioner did not receive the procedures laid out in Wolff v. McDonnell, 418 US. 539, Sandin v. Conner, 515 U.S. 472, Brown v. Plaut 131 F3d 163. Charging officer did not attempt an informal resolution. See Wolff v McDonnell, 418 US 539.

2.

Petitioner infraction "Possession of Contraband" and Sentence to the lost of 30 days goodtime credits petitioner previously earned toward his release and also petitioner was sentenced to 30 days recreation, 30 Commissary and reduced from S3 to Line 1, violating petitioners Fourteenth Amendment duprocess rights. These procedures were unconstitutional because the D.H.O. Disciplinary hearing Officer allowed Carlos Martinez to tell a blantant lie against petitioner for possession of Contraband and Contradicted himself doing petitioners disciplinary hearing by stating "he did not find petitioner in possession of contraband". Said disciplinary case #20170155398 should have been dismissed after C.O. Martinez made this contradiction of a statement. Petitioner was still found guilty of possession of Contraband. These unfair procedures was unconstitutional creating a liberty interest and a deliberate indifference. See, Wolff v. McDonnell, 418 US 539, Edwards v. Blalisok, 520 US 641, Sandin v. Conner, 515 U.S. 472, 115 Sct. 2393 Preiser v. Rodriguez, 411 US 475, 500, 93 Sct 1827.

Petitioner claims the prison disciplinary proceedings that had deprived him of his goodtime Credits had been invalid because the decision maker had not been impartial and the defendants Conduct is Shown to be motivated by "Evil Intent", reckless disregard, callous indifferent to petitioners federally protected rights. See, Siggers-El v. Barlow, 433 F Supp 2d 811, Edwards v. Balisok, 520 U.S 641, 117 Sct 1584.

Mr. Martin Lee Kennedy #1474898
8602 Peach St
Montford Unit
Lubbock, TX 79404

Clerk
United States District Court
George H. Mahon Federal Bldg
1205 Texas Ave, Rm 209
Lubbock, Texas 79401



RECEIVED
MAR 27 2017
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS